HARVEY JOHNSON, ET AL. *v.* NETTIE V. MILES
[No. 126, October Term, 1946.]

456

*Decided May 15, 1947.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Michael Paul Smith* and *W. Albert Menchine,* with whom was *W. Edgar Porter* on the brief, for the appellants.

*Charles E. Hearne, Jr.,* with whom were *Ernest C. Clark* and *L. Creston Beauchamp* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a judgment of the Circuit Court for Dorchester County, affirming a decision of the State Industrial Accident Commission awarding compensation to the widow and dependent minor children of a deceased employee under the Workmen's Compensation Act. Code, 1939, Art. 101, sec. 1 *et seq.* The decedent, Otho Miles, was killed when a truck driven by his employer, in which he was a passenger, was struck by a railroad train on February 5, 1945. It is conceded that his death arose out of and in the course of his employment. On June 27, 1945, an action at law was instituted on behalf of the widow and children against the railroad company. On February 4, 1946, while that action was pending, claim was filed for death benefits under the Compensation Act. Thereafter, upon petition of the defendant in the action at law, the insurer was made a party plaintiff in that action. At the hearing before the Commission on the claim for compensation, in August, 1946, the employer and insurer raised the point that, by filing the action at law, the claimants had made a binding election to sue the third party tortfeasor, barring the claim for compensation. On August 20, 1946, the Commission allowed the claim, and the award was affirmed on appeal to the Circuit Court.

The appellants argue that this Court decided in *Hagerstown v. Schreiner,* 135 Md. 650, 109 A. 464, that an injured employee, or his dependents in case of death, has an option under Section 59 of Art. 101 of the Code (then sec. 58) to proceed against his employer for com-

pensation under the Act or against a negligent third party at law, but only against one or the other. They contend that the doctrine of election of remedy is implicit in the Act, and was not altered, except to the extent indicated, by the amendments of 1920 and 1922, which allow an employee or his dependents, after an award of compensation, to proceed against a negligent third party if the employer or insurer fails to do so within two months from the date of the award. While they concede that this court held, in the recent case of *Perdue v. Brittingham,* 186 Md. 393, 47 A. 2d 491, that the institution of an action at law by the dependents of a deceased employee does not operate as an election, where it is dismissed prior to an award of compensation, they contend that the case is distinguishable, and that unless the action at law is discontinued, the doctrine of election should apply. These contentions are not without force, but we take a different view.

In the *Schreiner* case, the precise holding was that after an award of compensation the dependents of a deceased employee could not proceed against a negligent third party. In reaching that conclusion the Court relied not only upon the language of section 59 (then section 58) that the employee, or his dependents, might "proceed either by law against that other person to recover damages or against the employer for compensation under this Article," but also upon the language of section 35 (then section 36) that "except as in this Article otherwise provided, such payment [of compensation] shall be in lieu of any and all rights of action whatsoever against any person whomsoever." Thus the actual holding was narrower than some of the language of the opinion would indicate. Without changing the provisions quoted, the Legislature, after the decision in the *Schreiner* case, provided that an injured employee, or his dependents in case of death, might proceed against a negligent third party if the employer or insurer did not commence an action within two months from an award. In *Stark v. Gripp,* 150

Md. 655, 133 A. 338, it was held that the negligent third party had no such interest in the protection of the insurer's right to reimbursement, as to insist upon an apportionment of the judgment. And in a later case, it was held that after the lapse of two months, the employer or insurer still had a concurrent right to pursue the action. *State v. Francis*, 151 Md. 147, 152, 134 A. 26, 28. It was there stated: "The prosecution of simultaneous suits by the two classes of parties indicated, after the lapse of the two months' period, for the enforcement of the same liability, is a contingency which has been suggested and considered. The practical difficulties resulting from such a duplication of suits might be reduced by consolidation, and in no event could there be more than one recovery under the statute for the same tort." Compare *Western Md. R. v. Employers' Liability Co.*, 163 Md. 97, 161 A. 5.

In *Clough & Malloy v. Shilling*, 149 Md. 189, 131 A. 343, it was pointed out that the measure of damages, in an action by the employer or insurer against a negligent third party was the loss to the dependents and not merely the amount of the award. And in *Baltimore Transit Co. v. State to use of Schriefer*, 183 Md. 674, 39 A. 2d 858, 156 A. L. R. 460, in holding that the tortfeasor was not entitled to contribution from the employer, although the latter may have been equally guilty of negligence, we stressed the fact that the employer's action was purely derivative, and by way of subrogation. Compare *Baltimore Transit Co. v. Worth*, 188 Md. 119, 52 A. 2d 249.

In none of these cases was a situation presented where the action was instituted prior to the award of compensation. But in the recent case of *Perdue v. Brittingham*, 186 Md. 393, 47 A. 2d 491, 495, we held that dependents were not barred, where an action at law was instituted before a claim for compensation was filed, if the action was dismissed before the award. In other words, we held that the mere filing of suit by dependents, at least without a showing of prejudice to

the employer or insurer, was not in itself a binding election. We think that decision is controlling in the case at bar. The doctrine of election, although applied in the *Schreiner* case in a converse situation, was rendered inapplicable to that situation by subsequent legislative action, and we now hold that it has no application to suits by the employee or his dependents prior to an award. Section 59, as it now stands, is for the benefit of the employer or insurer and the injured employee or his dependents; it is not for the benefit of the negligent third party. The statute does not create the right of action, but merely creates or preserves the right of subrogation for the benefit of the employer and employee as their interests may appear. The procedural priorities established are for the protection of those interests alone.

In the instant case, the institution of suit by the dependents did not prejudice the insurer's right, but on the contrary, preserved it. If suit had not been filed within the year the right to sue the negligent third party would have been barred by limitations; the claim for compensation was not filed until the last day of that year. Compare *Greenwald, Inc., v. Powdermaker,* 170 Md. 173, 180, 183 A. 601. Until the claim was filed, the employer and insurer had no standing to bring suit. If the suit had been discontinued after the claim for compensation was filed, the chance of recovery from that negligent third party would have been lost to both the employee and employer.

Under such circumstances, and in the absence of any showing of prejudice, there is no reason to construe the option as an absolute bar. The purpose of the statute is fully gratified so long as the employer or insurer is afforded an opportunity to intervene and control the conduct of the action, to the same extent as if they had instituted it, and obtain reimbursement out of any recovery. In the instant case it appears that the suit has not come to trial and that the insurer has become a party to it.

As pointed out in the *Perdue* case, this view finds support in the language of section 59, which omits the words "but not against both," used in some of the other Compensation Acts, and in the fact that since the Maryland statute was amended it does permit, in the situation presented in the *Schreiner* case, proceedings against both the employer and the negligent third party. It also finds support in the reasoning of decisions in other courts, despite the variations in statutory language. See *McKenzie v. Missouri Stables, Inc.*, 225 Mo. App. 64, 34 S. W. 2d 136; *Riss & Co. v. Anderson*, 108 Colo. 78, 114 P. 2d 278; *Scalise v. F. M. Venzie & Co.*, 301 Pa. 315, 152 A. 90; *Smith v. Virginia Ry.*, 144 Va. 169, 131 S. E. 440. Compare *Chapman v. Hoage*, 296 U. S. 526, 56 S. Ct. 333, 80 L. Ed. 370. See also *Horowitz, Workmen's Compensation*, (1944) p. 339 *et seq.; Schneider, Workmen's Compensation*, Perm. Ed., sec. 834; notes 38 *Harv. L. R.* 971; 40 *Yale L. J.* 1108; 7 *Fordham L. R.* 282. While there are decisions which take the opposite view, we think the cases cited illustrate the prevailing trend.

*Judgment affirmed, with costs.*