490 A.2d 724

**Samuel B. HAYNIE**

v.

**NATIONAL GYPSUM CORPORATION, et al.**

**No. 1018, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

April 10, 1985.

---

Thomas J. Kwiatkowski, Jr., Baltimore (Marvin Ellin, Ellin & Baker, Baltimore, on the brief), for appellant.

No Brief or appearance by appellees' Counsel.

Argued before MOYLAN, GARRITY and ALPERT, JJ.

ALPERT, Judge.

"Catch 22" [1] may have carved a niche in the annals of contemporary American literature, but it shall not have a counterpart in contemporary Maryland civil litigation. Samuel B. Haynie had his "Catch 22." Having filed a claim for Worker's Compensation, he decided to file a common law tort action against his employer, but was told by the courts that he could not pursue that action because of his Worker's Compensation claim. When he attempted to pursue his Worker's Compensation claim thereafter, he was told that he could not proceed with that claim because of the common law tort action. For the reasons that follow, we shall reverse the order of the Circuit Court for Baltimore City dismissing the appellant's Worker's Compensation claim.

In March, 1978, appellant, Samuel B. Haynie was injured as a result of his employment at appellee's, National Gypsum Company, subsidiary, Gold Bond Building Products, also an appellee in the case *sub judice.* Appellant's injury arose out of an incident wherein he observed a fellow employee being accidentally electrocuted and attempted to save the employee. As a result of his efforts, however, appellant himself was severely injured.

In April, 1978, appellant retained an attorney and filed a claim with the Maryland Worker's Compensation Commission. The claim was uncontested and appellant was awarded temporary total disability benefits. Appellant received these benefits and in January, 1980, his award was continued. In February, 1980, however, appellees contested the

---

1. There was only one catch and that was Catch-22, which specified that a concern for one's own safety in the face of dangers that were real and immediate was the process of a rational mind. Orr was crazy and could be grounded. All he had to do was ask; and as soon as he did, he would no longer be crazy and would have to fly more missions.... If he flew them he was crazy and didn't have to; but if he didn't want to he was sane and had to.... 'That's some catch, that Catch-22,' he [Yossarian] observed. 'It's the best there is,' Doc Daneeka agreed.
J. Heller, *Catch 22,* 47 (1955).

Commission's finding on the nature and extent of appellant's injury by appealing to the Circuit Court for Baltimore City.

Prior to being heard on appeal, appellant retained new counsel and was advised of a possible common law tort remedy against appellees under Section 44 of Art. 101 of the Maryland Code, which provides:

> If injury or death results to a workman from the deliberate intention of his employer to produce such injury or death, the employee, the widow, widower, child, children or dependents of the employee shall have the privilege either to take under this article or have cause of action against such employer, as if this article had not been passed.

Md.Ann.Code art. 101 § 44 (1957, 1982 Repl.Vol.). In July, 1980, his new counsel filed a common law tort action against appellees in the Circuit Court for Baltimore City and requested that the appeal of the worker's compensation claim be stayed pending resolution of the tort action. On January 27, 1981, appellant's counsel requested that appellees discontinue appellant's benefits under the appealed worker's compensation claim.

Appellees unsuccessfully demurred to appellant's tort suit and thrice moved for summary judgment on the grounds that they were immune from any common law liability. Appellant, in an attempt to resolve the issue, filed for declaratory relief seeking a legal determination of whether he had the common law right to sue his employer.

Appellees, in response to appellant's petition for a declaratory judgment, dismissed their appeal of the worker's compensation claim and requested that the Worker's Compensation Commission conduct a further hearing on the nature and extent of appellant's injury. Appellant promptly requested that the Commission's consideration of this request be placed on a stet docket pending resolution of the tort and declaratory judgment suits. The Commission initially granted appellant's request but later reversed itself.

It then ordered appellant to show cause why his worker's compensation claim should not be dismissed in light of the other pending suits. After a September 28, 1982 hearing on the matter, the Commission involuntarily dismissed appellant's claim because he "elected to proceed with civil action against [his] Employer under [Art. 101] section 44."

Appellant promptly appealed the dismissal to the Circuit Court for Baltimore City. Prior to the hearing on appeal, Judge Grady of the Baltimore City Circuit Court ruled on appellant's declaratory action and held that appellant had made a binding election to pursue his remedies under the Maryland Worker's Compensation Act. On the appeal of the dismissal of the worker's compensation claim before the Circuit Court for Baltimore City, the trial judge refused to consider Judge Grady's ruling and affirmed the dismissal.[2] The trial judge's dismissal of the compensation claim and Judge Grady's dismissal of the tort claim were separately appealed to this Court.

In an unreported opinion, *Haynie v. Gold Bond Building Products* (No. 324, September Term, 1984, filed November 27, 1984) ("*Haynie I*"), we affirmed Judge Grady's dismissal of the tort action.[3] The case *sub judice* addresses the propriety of the trial judge's dismissal of appellant's worker's compensation claim.

Appellant, by virtue of our decision in *Haynie I* and the trial judge's decision on the worker's compensation claim, stands before this Court stripped of *any* right to bring *any* claim. In other words, we held that the filing of the worker's compensation claim barred the filing of the tort claim and the trial judge has decided that the filing of the

---

2. On appeal, appellant also alleges error in the court's refusal to consider Judge Grady's ruling; we will, however, not address this issue because of our resolution of the appeal on other grounds.

3. We are aware of the prohibition contained in Maryland Rule 1092 against the use of unreported decisions; however, we observe that these matters are related and relevant under the principles of collateral estoppel.

tort claim barred maintenance of the worker's compensation claim. The inconsistency is obvious.

■ Our decision in the case *sub judice,* like our decisions in *Athas v. Hill,* 54 Md.App. 293, 458 A.2d 859 (1983)[4] and *Haynie I,* is guided by the principles of election of remedies. In order to make an election under the doctrine of election of remedies, the remedies available to a party must be coexisting and inconsistent. Further, a party must actually bring an action seeking one of the remedies available to him and he must pursue the action to final judgment. *See Surratts Association v. Prince George's County,* 286 Md. 555, 567–68, 408 A.2d 1323 (1979).

■ Applying this test in *Haynie I,* we determined that § 44 of Article 101 provided appellant with two coexisting remedies which were mutually exclusive. We also held that by filing his worker's compensation claim in April, 1978, appellant "acknowledged the accidental nature of his injury." (*Haynie I* at 8). Finally, we found that appellant, in pursuing his worker's compensation claim and receiving temporary total disability benefits under it, pursued this action to a final judgment. We concluded, therefore, that appellant, having satisfied the *Surratts* test by filing and pursuing his worker's compensation claim, had elected his remedy, *i.e.,* to take under the Worker's Compensation Act.

It is obvious from the record in the case *sub judice* that neither the Worker's Compensation Commission nor the trial judge applied the *Surratts* test to determine if an election had been made. Indeed, if either had, the worker's compensation claim would not have been dismissed as appellant had not at the time pursued his common law tort claim to final judgment.

---

**4.** In *Athas v. Hill,* 54 Md.App. 293, 458 A.2d 859 (1983) we held that "under § 44 the privilege given an employee ... to have a cause of action against the employer ... is lost if the employee proceeds by way of compensation." *Id.* at 298, 458 A.2d 859.

 Additionally, the doctrine of collateral estoppel precluded the trial court from deciding that appellant elected his common law tort claim. When Judge Grady, in *Haynie I,* decided for the Circuit Court for Baltimore City that appellant elected the remedy of the worker's compensation claim, the parties were estopped to relitigate that *legal conclusion.* Courts across the land have long held that the estoppel of a judgment "extends to a decision of the legal[5] rights of the parties on a state of facts common to both suits although the causes of action are different." Freeman, *Law of Judgments* § 708.

As stated in *Restatement (Second) of Judgments* § 27 (1982):

> When an issue of fact *or law* is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

(emphasis added). Comment (b) to § 27 further explains that:

> In some cases, a judgment does not preclude relitigation of all or part of the claim on which the action is brought. In such cases the rule of this Section precludes relitigation of issues actually litigated and determined in the first action when a second action is brought on the same claim. Issue preclusion in a second action on the same claim is sometimes designated as direct estoppel. If, as more frequently happens, the second action is brought on a different claim, the rule of this Section also applies; in such cases, preclusion is sometimes designated as collateral estoppel.

---

5. In *Klein v. Whitehead,* 40 Md.App. 1, 15, 389 A.2d 374 (1978) we said that "[c]ollateral estoppel does not require that the causes of action be the same, but *it applies only with respect to issues of fact actually determined in the earlier proceeding."* (emphasis added). Here we make clear that collateral estoppel also applies to issues of law.

These principles expounded in Comment (b) have been embraced by recent Maryland law. *See Mackall v. Zayre Corp.*, 293 Md. 221, 228, 443 A.2d 98 (1982).

Accordingly, we reverse and remand to the Circuit Court for Baltimore City with directions to remand to the Commission for a determination of the nature and extent of appellant's injuries.

JUDGMENT REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION; COSTS TO BE PAID BY APPELLEES.