Charles WAGNER, et al.

v.

ALLIED CHEMICAL CORP., et al.

Ivan DESKINS, et al.

v.

ALLIED CHEMICAL CORP., et al.

Civ. Nos. Y–84–59, Y–84–2354.

United States District Court,
D. Maryland.

Dec. 17, 1985.

Roy L. Mason, Baltimore, Md., for plaintiffs.

George D. Solter, Baltimore, Md., Frank J. Eisenhart, Jr., Philadelphia, Pa., and Rudolph Rose, Baltimore, Md., for defendants.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

Plaintiffs in this case are 22 former employees at defendant Allied Corporation's former pesticide plant at 2000 Race Street, Baltimore City, and some of their spouses. Plaintiffs allege that they were injured as a result of exposure to chemicals at the pesticide plant and have sued Allied Corporation ("Allied") and fourteen chemical suppliers ("supplier defendants") under five different theories—negligence and gross negligence, nuisance, strict liability, breach of warranty, and "fraud, concealment and misrepresentation." Some of the employ-

ee-plaintiffs and their spouses have joined together in a derivative claim under a sixth theory of loss of consortium.

On January 27, 1984 and October 9, 1984, employee-plaintiffs filed Workmen's Compensation claims against Allied. At hearings in March, 1985, the testimony of all but two of the claimants was produced, and the proceedings continued on May 28, 1985 with the testimony of plaintiffs' expert witness, Dr. Margit Bleecker. On June 12 and June 18, 1985, the Commission entered orders denying each claim. Sixteen of the claims were denied on the basis of statute of limitations, with alternative findings that "claimant did not sustain the occupational disease of bilateral carpal and tarsal tunnel syndrome arising out of and in the course of employment." Four of the claims were denied solely on the latter basis—that these plaintiffs did not sustain an occupational disease arising out of their employment. The two remaining actions were also dismissed: the first, because plaintiff Charles E. Cookson denied signing the claim form, and the second dismissal was based upon the Commission's finding that plaintiff Joseph J. Barnes did not "sustain an occupational disease."

On the basis of these compensation proceedings, Allied moved for summary judgment and the supplier defendants moved for partial summary judgment.[1] Allied asserts that the compensation remedy is an exclusive one under Maryland law. Allied further asserts that even if it were optional, each of the plaintiffs elected a remedy as against Allied, the employer, by filing compensation claims and pursuing them to a final judgment. Supplier defendants' motion argues that collateral estoppel applies to the twenty plaintiffs who have already fully and fairly litigated the causation issue during the Workmen's Compensation proceedings and received adverse decisions. Similarly, plaintiff Barnes litigated the issue of existence of the claimed condition to a final judgment and should be estopped from proceeding further.

---

1. The only plaintiff not included in this motion is Cookson.

Plaintiffs filed a memorandum in opposition to the defendants' motions, contending that it is too late to assert the affirmative defense of collateral estoppel and that defendants attempts to amend their answers to the complaints are unduly prejudicial. Plaintiffs also assert that causation was not fully litigated and decided for plaintiffs whose adverse rulings were based upon the statute of limitations because the alternative rulings were hypothetical and not final. Furthermore, plaintiffs argue that none of the Commission's findings on "occupational disease" are subject to collateral estoppel because the issues decided by the Commission are not identical to the issues before the Court, and causation was never specifically decided.

## AMENDMENT OF ANSWER

■ An initial issue is whether it would be unduly prejudicial to plaintiffs to allow defendants to plead exclusive remedy and collateral estoppel at this late date. Plaintiffs' argument on this issue has no merit. Although defendants did wait until the completion of the compensation proceedings before asserting these affirmative defenses, this cannot be viewed as a dilatory or prejudicial tactic. Defendants were not unreasonable in pleading these affirmative defenses after receiving a final judgment in the compensation proceedings, when their arguments were applicable. In contrast, plaintiffs could easily anticipate that defendants might plead the affirmative defense and could not reasonably view defendants' delay as a waiver. Thus, defendants' motions based on their affirmative defenses will be considered at this time.

## ALLIED'S MOTION FOR SUMMARY JUDGMENT

Maryland's compensation statute, Md. Ann.Code art. 101 (1957) (hereafter "the Act"), was designed as an exclusive remedy for injured employees. *Knoche v. Cox*, 282 Md. 447, 385 A.2d 1179 (1978); *Athas v. Hill*, 54 Md.App. 293, 297–99, 458 A.2d 859, *aff'd.*, 300 Md. 133, 476 A.2d 710 (1984). It substituted an absolute but limited liability regardless of fault for the employer's common law liability for negligence, which was subject to a range of common law defenses. *Cox v. Sandler's Inc.*, 209 Md. 193, 198–99, 120 A.2d 674 (1955). There are some specific exceptions to the exclusivity, such as Section 44 of the Act, which allows workers an option to either take benefits under the Act or sue under common law where it is alleged an injury or death results from the deliberate intention of the employer. In other words, workers may elect one of the two possible remedies under specified conditions for intentional injury. If this § 44 exception is applicable to any of the plaintiffs, and they have not already chosen to pursue their remedy under the Act, then they may pursue their claim under common law in this Court.

It is unnecessary to determine whether plaintiffs' complaints properly fall within the scope of the § 44 exception for deliberate injury because a preliminary issue is the election of remedies. Twenty-one of the plaintiffs received final adverse decisions under the Act from the Commission in June, 1985. In Maryland, the pursuit of a compensation claim to a final judgment constitutes an election of one of the two options provided in § 44 of the Act. *Haynie v. National Gypsum Corp.*, 62 Md. App. 528, 490 A.2d 724 (1985).

> "In order to make an election under the doctrine of election of remedies, the remedies available to a party must be coexisting and inconsistent. Further, a party must actually bring an action seeking one of the remedies available ... (and) must pursue the action to final judgment."

*Id.* at 533, 490 A.2d 724. *See Surratts Association v. Prince George's County*, 286 Md. 555, 567–68, 408 A.2d 1323 (1979) (describing doctrine of election of remedies).

■ The *Haynie* reasoning applies in this case. Plaintiffs had the option of two

possible remedies against their employer: actions under either common law or under workers' compensation laws. These remedies were coexisting, and because the worker could recover under only one of the two, they were inconsistent. Therefore, those plaintiffs who did in fact pursue their claims to a final ruling by the Commission are precluded from disregarding that § 44 choice and pursuing common law claims against the same employer for the same injury. *Haynie v. National Gypsum Corp.,* 62 Md.App. at 533, 490 A.2d 724; *Athas v. Hill,* 54 Md.App. at 298, 458 A.2d 859 ("under § 44 the privilege given an employee whose injury results from the deliberate intention of (the) employer to have a (common law) cause of action against the employer ... is lost if the employee proceeds by way of compensation").[2]

One plaintiff, Charles E. Cookson, testified before the Commission that he never signed the claim form, and therefore is not clear that he pursued the compensation claim and in doing so elected his remedy. The Commission never made a finding as to whether Cookson did sign the form because the claim was denied after merely assuming, *arguendo,* that the claim had been filed. Without a factual determination on the issue of whether his claim was truly pursued, Cookson cannot be viewed as having elected a remedy under the Act. *See Haynie v. National Gypsum Corp.,* 62 Md. at 533, 490 A.2d 724.

The only evidence before the Court on this issue is a copy of Cookson's claim form and a copy of the Commission's denial of the claim (Appendix to motion for summary judgment by defendant Allied Corporation, Exhibits 7(a) and (b) ). It is evident from the language of the denial that Cookson did

testify before the Commission and, therefore, substantially pursued his claim. Furthermore, since much of the same evidence was presented for all of the related claims, it is apparent that Cookson's claim was pursued to the same extent as the other claims. This evidence of a filed and pursued claim raises the presumption that Cookson did actually sign the claim and elect his remedy. It is his burden to prove to this Court that this is not the case and that the remedy was never elected.

Therefore, the complaints of the 21 plaintiffs who admittedly pursued their compensation claims will be dismissed as to defendant Allied Corporation. In order to allow plaintiff Cookson time to meet his burden of proof, no ruling will be entered at this time on his claim.

## SUPPLIER DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Supplier defendants' motion is based on collateral estoppel. They argue that the issue of causation was fully litigated during the compensation proceedings for all but two of the plaintiffs, and that, identical issues having been resolved, collateral estoppel is appropriate. Similarly, they argue that plaintiff Barnes litigated the issue of the existence of the claimed condition to a final judgment and should be estopped from proceeding with an identical claim.

■ The supplier defendants were not parties to the compensation cases, but they correctly maintain that strangers to a first action may assert collateral estoppel against one who was a party to the first action (defensive collateral estoppel), so long as that party had a full and fair opportunity to litigate the issue, and so long as the Court does not find that there are other

---

**2.** It is of no moment that plaintiffs did not appeal the Commission's judgment. Under election of remedies, the plaintiff must have pursued the action to a final judgment, which was done in the case because the ruling of the Commission is a final judgment. *See Great American Insurance Co. v. Havenner,* 33 Md.App. 326, 364 A.2d 95 (1976) (decision of the Commission which has the effect of granting or denying

some benefit is a final order); *Burdock v. Kaiser Aluminum & Chemical Corporation,* 22 Md.App. 631, 325 A.2d 171 (1974) (in occupational disease claims under the former statute, finality attaches to the decision of the Commission, not to the decision of the Medical Board). There is no requirement that the party also exhaust all opportunities for appeal before a court may conclude that a remedy was elected.

circumstances present which make it unfair to allow collateral estoppel to operate. *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); *Blonder-Tongue Laboratories, Inc. v. University of Illinois*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971); *Pat Perusse Realty Company v. Lingo*, 249 Md. 33, 238 A.2d 100 (1968).

 Applicability of collateral estoppel is a matter of state law in a diversity case. *Blonder-Tongue*, 402 U.S. at 325, 91 S.Ct. at 1441. Maryland requires a determination of four independent criteria before collateral estoppel is controlling:

1. Was the issue decided in the prior adjudication identical with the one presented in the action in question?

2. Was there a final judgment on the merits?

3. Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?

4. Was the party against whom the plea is asserted given a fair opportunity to be heard on the issue?

*Washington Suburban Sanitary Commission v. TKU Associates*, 281 Md. 1, 18–19, 376 A.2d 505 (1977). The supplier defendants in this case have not satisfied the first requisite of that four part test, and on that basis their motion for partial summary judgment must be denied.

 In the prior proceedings, there were a number of issues presented to the Court. The Commission made individual rulings on the issues of jurisdiction, notice, limitations and occupational disease in almost every case. However, the findings on occupa-

tional disease are too general to allow the application of collateral estoppel. Although the Commissioner concluded in each case that there was no occupational disease, questions remain as to the factual determinations upon which those conclusions were based. "Occupational disease" has several elements and to conclude that a claimant has an occupational disease, there must be a finding that the claimant has the ailment, that it was caused by the conditions of employment, and that claimant suffered an adverse change in wage earning capacity. *Belschner v. Anchor Post Products, Inc.*, 227 Md. 89, 175 A.2d 419 (1961). It is evident from the transcripts of the proceedings before the Commission that adverse change in wage earning was an issue in those proceedings, so it cannot be concluded that causation was the basis of the Commissioner's adverse findings on the issue of occupational disease.[3]

Adverse change in wage earning capacity is irrelevant to the question of liability in the common law action presented before the Court. Since it was an element of the issue which the Commission ruled upon, the issue is not identical with the one presented in the present action and collateral estoppel is not appropriate.

Accordingly, Allied's motion for summary judgment will be granted as to each plaintiff except for Cookson. The supplier defendants' motion for partial summary judgment will be denied.

---

3. "The Commission: I have a question on limitations. Well, I have a bunch of things. Actually, ... I don't know if there is any disability here even if everything else—I don't know if there is any disability." Excerpt from Appendix to motion for partial summary judgment, Vol. 1, section 5, p. 30 Beulah Burgess.

"(assuming he's got the disease and he's got causal connection, is the disease an occupational disease in this case?"

Mr. Scheller: Indeed. If the only exposure he testifies—

The Commission: It's not an occupational disease unless he's got some incapacity by definition. Where is the incapacity in this case?" Excerpt from Appendix to motion for partial summary judgment, Vol. 1, section 1, page 39, Edward Abbott.