709 So.2d 150 (1998)
Carol MONIZ, Appellant,
v.
REITANO ENTERPRISES, INC., a Florida corporation and Daniel Parish, Appellees.
No. 96-3001.
District Court of Appeal of Florida, Fourth District.
March 25, 1998.
Rehearing, Clarification, Certification of Conflict, and Certification of Question Denied May 15, 1998.
*151 Isidro M. Garcia of Garcia, Elkins & Carbonell, P.A., West Palm Beach, for appellant.
John F. Tierney, III, of Tierney & Haughwout, West Palm Beach, for appellee Daniel Parish.
Bonni S. Jensen of Hanson, Perry & Jensen, P.A., West Palm Beach, for appellee Reitano Enterprises, Inc.
Rehearing En Banc, Clarification, Certification of Conflict, and Certification of Question Denied May 15, 1998.
WARNER, Judge.
The trial court granted a summary judgment as to appellee Reitano Enterprises ("Reitano") in this sexual harassment suit based on its belief that the appellant's previous workers' compensation claim and settlement barred her tort action. Because we interpret Byrd v. Richardson-Greenshields Securities, Inc., 552 So.2d 1099 (Fla.1989), as permitting the maintenance of a sexual harassment suit independent of a workers' compensation claim involving the same conduct, we reverse.
Appellant Moniz was injured in an attack by her supervisor at her place of employment. In a Notice of Injury filed with the Division of Workers' Compensation on June 21, 1993, she described the "accident" as "Attached (sic) by supervisor, bitten and bruised on right side of neck." She described her injury as "shoulder, neck & psychological." Reitano, the employer, filed a written notice of denial on July 19, 1993, contesting the claimed injuries. In a settlement agreement between Reitano, its insurance company and Moniz, the agreement stated:
Following the alleged injury, the employee came under the care of Michael Belotti for right shoulder and neck pain and headaches. The claimant was evaluated by Dr. Norman Silversmith, a psychiatrist, on August 10, 1993. This physician diagnosed the claimant with unspecified (non-psychotic) mental disorder, adjustment disorder of young to mid-adult life with mixed emotional features and dysthymia (depressive neurosis). The claimant was also evaluated by Dr. Emilio Muss on September 10, 1993, who diagnosed the claimant with a trapezial strain. Anti-inflammatory medication and physical therapy were prescribed and it was anticipated that she would be able to return to work light duty after four weeks. Dr. Zielinski also provided treatment to the claimant for a diagnosis of depression and anxiety. The parties stipulate and agree that the Employer/Carrier has paid no medical benefits or disability benefits on this claim.
In settlement of the claim, the employer/carrier agreed to pay Moniz $20,000 "on account of the alleged work related accident... referenced herein." This consisted of $12,000 allocated to past and future monetary compensation benefits, including any re-employment services and assessment benefits; and $8,000 for past and future medical benefits. In addition, an attorney's fee was paid, as well as doctors' bills, including treatment for Moniz's psychological injuries. This settlement was approved over Reitano's objection on August 3,1995.
While the workers' compensation claim was pending, Moniz filed a seven count complaint against her employer, Reitano, and her supervisor, appellee Daniel Parish. In count I, Moniz stated a cause of action for sexual harassment and retaliation, in violation of 42 U.S.C. section 2000e-5(f)("Title VII"). This count alleged a pattern of sexual harassment, mainly by Parish. She claimed that he continually made sexual suggestions and threatened to fire her if she did not "do the right thing." This sexual harassment "included his touching of Ms. Moniz's breasts, grabbing her buttocks, pulling her underwear, and rubbing up against her in an aroused condition." The complaint also alleged Parish's attack on her which formed the basis of the workers' compensation claim. As damages, she sought past and future medical expenses, *152 including psychological and psychiatric examinations. She also sought recovery for past and future wage loss.
In count II, she alleged a cause of action against Reitano for intentional infliction of emotional distress based upon the same conduct as the conduct alleged in the Title VII count. She asserted that the harassment resulted in severe emotional distress and caused her to resign from her employment. She sought damages for humiliation, physical pain and suffering, emotional distress, and psychological pain and suffering. She claimed past and future medical expenses and lost income. Count III made the same claims as count II but against Parish. Counts IV through VII alleged actions for assault and battery and false imprisonment arising out of the June 6, 1993 incident.
After filing a denial and affirmative defenses, Reitano moved for summary judgment, arguing that Moniz had already filed a workers' compensation claim and settled it, thereby barring a subsequent tort suit. In opposition, Moniz filed the affidavit of her attorney in the workers' compensation claim stating that the settlement of $20,000 was for wage loss and future medical costs but not for other types of damages which Moniz was seeking to recover in tort. In addition, the settlement agreement released Reitano from all liability and payment of benefits which might arise under the Florida workers' compensation laws, "but not Title VII or tort claims currently pending in the Circuit Court for Palm Beach County." The trial court granted summary judgment based on its belief that the election of remedies doctrine barred Moniz from seeking relief in tort and under Title VII.
In Byrd, recognizing that public policy requires employers to be held accountable for tortious conduct surrounding sexual harassment incidents, the supreme court held that workers' compensation is not the exclusive remedy for claims based on sexual harassment in the workplace. Harmonizing the policies behind workers' compensation exclusivity provisions and the elimination of sexual harassment in the workplace, the court stated:
[W]orkers' compensation is directed essentially at compensating a worker for lost resources and earnings. This is a vastly different concern than is addressed by the sexual harassment laws. While workplace injuries rob a person of resources, sexual harassment robs the person of dignity and self esteem. Workers' compensation addresses purely economic injury; sexual harassment laws are concerned with a much more intangible injury to personal rights. To the extent these injuries are separable, we believe that they both should be, and can be, enforced separately.
Certainly, whenever a claim is based on the Human Rights Act, Title VII of the Civil Rights Act of 1964, the Educational Equity Act, or any other statute prohibiting sexual discrimination or harassment, that claim cannot in logic or fairness be barred by the exclusivity rule. Doing so would improperly nullify a statute by judicial fiat and, in the case of the Civil Rights Act of 1964, would defy the Constitution.
Similarly, to the extent that the claim alleges assault, intentional infliction of emotional distress arising from sexual harassment or the specific type of battery involved in this case, the exclusivity rule also will not bar them. This is so because these causes of action address the very essence of the policies against sexual harassment  an injury to intangible personal rights.
552 So.2d at 1104 (footnotes omitted). In footnote eight, the court noted that the battery involved in Byrd, which was an intentional unwanted touching, did not involve wage loss or workplace injury but an unlawful intrusion on personal intangible rights.
We note that Byrd does not speak of the damages which may be recovered for the differing claims; it speaks to the injuries themselves. Thus, the types of damages which may be recovered in workers' compensation or tort does not determine the exclusivity, or lack thereof, of the workers' compensation claim in sexual harassment suits. Rather, the focus is on the type of injury received  whether a physical injury or an intangible injury to personal rights. Consequently, the mere fact that more types of *153 damages may be recoverable in tort rather than in workers' compensation is immaterial.
Byrd states that "[t]o the extent that these injuries [economic injuries compensable by workers' compensation and intangible injuries to personal rights compensable by tort] are separable, we believe that they both should be, and can be, enforced separately." Id. at 1104 (emphasis added). The reverse corollary of that statement is that where they cannot be separated, then they cannot be enforced separately.
The election of remedies doctrine prevents one from electing inconsistent courses. See Williams v. Robineau, 124 Fla. 422, 168 So. 644, 646 (1936). However, "[i]t is a choice shown by an overt act between two inconsistent rights, either of which may be asserted at the will of the chooser alone. It is generally conceded that to be conclusive it must be efficacious to some extent." Id. (emphasis added). In the context of a choice between workers' compensation and tort remedies or Title VII remedies for sexual harassment, where they address separable injuries, then they can co-exist and no election is necessary. Where they address the same injury, then there can be an election of remedies.
We must therefore examine the claims made by Moniz in her suit to determine the extent to which they are separable from her workers' compensation claim. We consider the workers' compensation claim settlement for $20,000 to be an "efficacious" settlement within the meaning of Robineau. With respect to count IV against Reitano for assault and battery and count VI for false imprisonment, each count relies on the biting incident upon which the workers' compensation claim was made and settled. The injury alleged was a physical injury, and it caused an economic loss. Because Moniz settled claims resulting from this injury in her workers' compensation settlement, we hold that she is barred by the doctrine of election of remedies from pursuing tort claims. See Byrd, 552 So.2d 1099, 1105 (Grimes, J., concurring)("If the plaintiffs had suffered physical and emotional injuries as a result of sexual batteries perpetrated by the two employees whose conduct is complained of in this action, they would have a compensable workers' compensation claim and their lawsuit against the employer would be barred by virtue of the exclusiveness of the workers' compensation remedy.")
Count I under Title VII and count II for intentional infliction of emotional distress allege a much broader course of conduct than the battery by Parish in the biting incident. These counts also allege a more "traditional" pattern of sexual harassment by touching and verbal comments. This extended throughout Moniz's employment with the company. This conduct concerns the "intangible injury to personal rights" explained in Byrd. Thus, to the extent that this course of conduct can be separated from the actual biting incident for which compensation has already been received, it should not be barred either by the exclusivity of the workers' compensation remedy or by the election of remedies, because these rights are distinct. Pursuing a remedy for the continuous course of conduct of sexual harassment is not inconsistent with pursuing a remedy for the physical injury suffered in the biting incident. Therefore, we hold that the trial court erred in granting a summary judgment in favor of Reitano on counts I and II of the complaint, although we affirm the trial court's summary judgment on counts IV and VI. Of course, in pursuing the Title VII and intentional infliction of emotional distress action, Moniz cannot recover twice for the biting incident. She has elected her remedy by recovery through her workers' compensation claim.
Moniz also has cited as error the trial court's order granting a new trial to appellee Parish due to improper remarks made at trial. However, she has not furnished us with a complete trial transcript from which to evaluate the issue. While Moniz has supplied us with excerpts of the transcript, we cannot evaluate the nature and context of the alleged improper remarks upon which the trial court based its order. We therefore must affirm. See Ahmed v. Travelers Indem. Co., 516 So.2d 40 (Fla. 3d DCA 1987).
For the foregoing reasons, we reverse in part the summary judgment in favor of Reitano *154 and remand for further proceedings on counts I and II of the complaint. We affirm the order granting new trial as to Parish.
FARMER and KLEIN, JJ., concur.