**Freda HOGUE, Plaintiff,**

v.

**SAM'S CLUB, et al., Defendant.**

**No. CIV.A. AW99–1893.**

United States District Court,
D. Maryland,
Southern Division.

Sept. 29, 2000.

Walter L. Blair, Blair & Lee, P.C., Hyattsville, MD, for Plaintiff.

Todd J. Horn, Venable, Baetjer, & Howard, LLP, Baltimore, MD, Susan Klooz, Bentonville, AR, for Defendants.

## MEMORANDUM OPINION

WILLIAMS, District Judge.

Plaintiff, Freda Hogue, brings this Title VII action alleging that she suffered sexual harassment. The defendants are Mr. Darren Whitlock, Sam's Club, and Wal–Mart, Inc. In its Memorandum Opinion dated September 17, 1999, the Court dismissed Plaintiff's claims of negligence and negligent hiring/retention asserted against Defendants because such claims were barred by the Maryland Workers' Compensation Act. In other orders, the Court dismissed additional claims of Plaintiff. The remaining claims advanced by Plaintiff include three state law claims of sexual battery, assault, and false imprisonment against Defendant Whitlock, and one Title VII claim for sexual harassment against Defendants' Sam's Club and Wal–Mart. The Title VII claim is confined to the alleged sexual harassment by Plaintiff's supervisor, Darren Whitlock.

Currently pending before the Court is Defendant Sam's Club and Wal–Mart's Motion to File a Supplemental Answer to Include an Election of Remedies Defense [77–1] and Defendant's Motion for Summary Judgment on the Election of Remedies Defense [78–1]. The motions have been fully briefed by both parties. No

hearing is deemed necessary. *See* Local Rule 105.6. Upon consideration of the arguments made in support of, and opposition to, the respective motions, the Court makes the following determinations.[1]

### I. *Defendant Sam's Club and Wal-Mart's Motion to File a Supplemental Answer*

■ Defendants request this Court to grant leave to amend their answer to add an "election of remedies" defense. Defendants advance that, on August 4, 2000, the Workers' Compensation Commission issued an award to Plaintiff for the injuries complained of in the current proceeding. Defendants maintain that the facts giving rise to the availability of the defense did not emerge until August 4, 2000. Accordingly, the circumstances sustain an allowance to amend their previous answer to incorporate the newly arisen defense.

■ Although this action arises under this Court's diversity jurisdiction, the amendment of pleadings is a procedural matter governed by the Federal Rules of Civil Procedure. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Under Fed. R. Civ. P 15(a), absent a showing of prejudice to the opposing party, a district court has the discretion to grant leave to amend an answer with an additional affirmative defense. Granting leave to amend is appropriate even at the summary judgment phase unless the adverse party demonstrates prejudice. *Cornell v. Council of Unit Owners Hawaiian Village Condominiums, Inc.*, 983 F.Supp. 640 (D.Md.1997).

The undisputed facts indicate that Plaintiff was not granted a worker's compensation award until after Defendants' initial answer was filed. As a consequence, the "election of remedies" defense was not legally available at the time of Defendants'

initial responsive pleading. *See generally, Wagner v. Allied Chemical Corp.*, 623 F.Supp. 1412, 1414 (D.Md.1985). Further, the facts do not indicate any undue delay given that Defendants sought to amend their answer on August 21, 2000, seventeen (17) days after Plaintiff was granted the worker's compensation award. Further, given that Plaintiff's own actions gave rise to the possibility of the defense and her representation by counsel in both proceedings, Plaintiff could reasonably be charged with notice of the consequences of filing a claim with the Worker's Compensation Commission. *See Wagner*, 623 F.Supp. at 1414. Thus, granting leave to amend is appropriate in the instant action. Accordingly, Defendant's Motion to File a Supplement Answer is granted. With the advent of Defendant's new affirmative defense, the Court will review the merits of the "election of remedies" defense.

### II. *Defendant Sam's Club and Wal-Mart's Motion for Summary Judgment on the "Election of Remedies" Defense*

#### A. *Legal Standard*

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment will be granted when no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In reviewing a motion for summary judgment, the court must review the facts in the light most favorable to the nonmoving party. *See Anderson*, 477 U.S. at 255, 106 S.Ct. 2505. The court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evi- ·

---

1. On September 27, 2000, Plaintiff filed an memorandum labeled as a supplemental opposition [86–1] to Defendants' motion for summary judgment. Although characterized as a supplement to her initial opposition, the Court construes the document to be a surreply due to its explicit reference to the

Defendant's Reply memorandum. Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed. *See* Local Rule 105.2. Given that Plaintiff failed to seek leave of court, the surreply will not be considered by the Court.

dence." *Masson v. New Yorker Magazine*, 501 U.S. 496, 520, 111 S.Ct. 2419, 115 L.Ed.2d 447 (1991) (citations omitted). In the absence of contradictory evidence showing a genuine dispute as to a material fact, the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex*, 477 U.S. at 327, 106 S.Ct. 2548 (quoting Fed.R.Civ.P. 1)

## B. *Summary of Facts*

The facts of this case has previously been outlined in the Court's Memorandum Opinion dated July 10, 2000. A summary of the relevant facts is as follows. Plaintiff, Freda Hogue, was an employee of Sam's Club. Mr. Darren Whitlock was Ms. Hogue's immediate supervisor. Plaintiff's claims concern alleged acts of sexual harassment and assault by Darren Whitlock. Plaintiff specifically alleges that there were two incidents of forced, sexual contact between Mr. Whitlock and herself. Ms. Hogue testified that she was confined against her will in a men's room stall by Darren Whitlock, and that he sexually assaulted her. She alleges that she was forced to touch Mr. Whitlock's penis, and that Mr. Whitlock would not let her exit the stall. Plaintiff alleges that the first sexual incident occurred on May 26, 1998, and that the second incident occurred on June 2, 1998.[2] After the incident was reported and Mr. Whitlock was transferred, Ms. Hogue testified as to additional physical and verbal harassment by Mr. Whitlock.

2. The dates alleged for the sexual assaults in prior pleadings, May 26, 1998 and June 2, 1998, appear inconsistent with the date specified in the workers' compensation award letter for the incident, May 1, 1998. A reading from the transcript of the Commission's hearing indicates that Plaintiff did not specify a particular date, but generally referred to the

Essential to the current issue at hand, Plaintiff's only remaining claim implicating Defendants Sam's Club and Wal–Mart stems from the alleged sexual harassment by Plaintiff's supervisor, Darren Whitlock. On August 11, 1999, Plaintiff filed a claim with the Maryland Worker's Compensation Commission. As the source of her injury, Plaintiff wrote "Sam's Club Supervisor, Darren Whitlock sexually harassed assaulted and falsely imprisoned me." Ex. 1, Def. Mot. Summ. J. After a hearing held on July 24, 2000, the Workers' Compensation Commission found that Plaintiff "sustained an accidental injury arising out of and in the course of employment on May 1, 1998" and that "the disability of the claimant's left shoulder, neck and psychiatric conditions [was] the result of the aforesaid mentioned accidental injury...." Ex. 2, Def. Mot. Summ. J. On August 3, 2000, the Commission then awarded Plaintiff medical expenses and a specified sum for temporary total disability suffered. According to Plaintiff's opposing memorandum, Plaintiff has not yet received the award money.

## C. *Discussion*

As a case brought before the federal court under diversity jurisdiction, the substantive laws of the forum state, Maryland, apply. *See, e.g., Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Maryland recognizes the election of remedies doctrine which precludes a claimant from seeking multiple redress for a single wrong. *Shallow Run Ltd. Partnership v. State Highway Admin.*, 113 Md.App. 156, 686 A.2d 1113 (Ct. Spec.App.1996). Proper application of this doctrine requires that (1) the remedies available to a party must be coexisting and inconsistent; (2) the party must actually

sexual assault as occurring in May 1998. From this, it appears that the Commission set May 1, 1998 as the date of the alleged sexual assault in May for purposes of the hearing. *See* Transcript of July 24, 2000 Hearing Before the Maryland Workers' Compensation Commission, Ex. 1 at 5.

bring an action seeking one of the remedies available to her; and (3) she must pursue the action to final judgment. *See Haynie v. National Gypsum Corp.*, 62 Md. App. 528, 490 A.2d 724 (Ct.Spec.App.1985); *Hertz v. Mills*, 10 F.Supp. 979 (D.Md. 1935). Thus, the doctrine applies only where the remedies are inconsistent, not merely concurrent or cumulative. *Shoreham Developers, Inc. v. Randolph Hills, Inc.*, 269 Md. 291, 305 A.2d 465 (1973). As the party seeking summary judgment, Defendants have the burden of proving the satisfaction of each element of the affirmative defense. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The undisputed facts stipulate that Plaintiff filed a workers' compensation claim pursuant to the Maryland Workers' Compensation Act., Md.Code Ann., Lab. & Empl. Title 9. On August 3, 2000, the Workers' Compensation Commission issued a ruling awarding Plaintiff compensation based upon her claim. In Maryland, such a determination constitutes a final judgment. *Haynie v. National Gypsum Corp.*, 62 Md.App. 528, 490 A.2d 724 (1985). Thus, Plaintiff sought a remedy available to her and pursued the action to final judgment. The question then centers on whether the Title VII and common law remedies available to Plaintiff were coexisting and inconsistent.

Defendants contend that Plaintiff's award of damages under Maryland's Workers' Compensation Act for injuries sustained during the alleged sexual harassment bars her from seeking damages on the Title VII claim. In her opposing memorandum, Plaintiff argues that the Worker's Compensation award was limited to her claims of negligence as evidenced by the language of "accidental injury" in the award letter. Plaintiff argues that she pursued her secondary claim for negligence with the Worker's Compensation

Commission (the "Commission") after this Court ruled in favor of Defendants's motion to dismiss the negligence claims as within the exclusive province of the Maryland Workers' Compensation Act.[3] Plaintiff emphasizes that Defendants sought to have the negligence claims dismissed from federal court on the basis that the Worker's Compensation Commission was the proper forum from those claims. Plaintiff advances that the resolution of her negligence claim has no effect on her federal Title VII claims against Defendants.

The Maryland courts have not resolved the issue of whether an award of damages under the Maryland Worker's Compensation Act bars a corresponding Title VII action for damages arising out of the same conduct. Rather, prior decisions involving application of the election of remedies defense to workers' compensation claims under Maryland law refer to the maintenance of concurrent tort actions against the employer. *See, e.g. Haynie v. National Gypsum Corporation*, 62 Md. App. 528, 490 A.2d 724 (Ct.Spec.App.1985); *Wagner v. Allied Chemical Corp.*, 623 F.Supp. 1412, 1415 (D.Md.1985). However, other state courts addressing the issue have uniformly held that a workers' compensation award does not act as a categorical bar to all injuries caused by conduct actionable under anti-discrimination statutes. *See Folan v. State/Dep't of Children, Youth, and Families*, 723 A.2d 287, 292 (R.I.1999) (finding exclusivity provision of state workers' compensation act did not bar plaintiff's sexual harassment claims created by the state anti-discrimination statutes). Rather, the election of remedies doctrine only bars the claimants from pursuing claims for those injuries actually pursued under the respective workers' compensation act. *See Conex Intern. Corp. v. Cox*, 18 S.W.3d 323, 325 (Tex.App. 2000), (writ requested).

---

**3.** Plaintiff maintains that her claim was filed after dismissal of the negligence claims from federal court. However, the claim form submitted by Plaintiff indicates that the Workers' Compensation form was filed on August 11, 1999. The Court did not dismiss the negligence claims based upon lack of jurisdiction until over a month later, on September 17, 1999. Plaintiff does not explain this apparent inconsistency.

In asserting its position, Defendants rely on the precedent from other jurisdictions. In support of its position, Defendants cite *Nash v. Northland Communications Corp.*, 806 S.W.2d 952 (Tex.App.1991, writ denied). In *Conex Intern. Corp. v. Cox*, 18 S.W.3d 323, 325 (Tex.App.2000), (writ requested), the Court of Appeals of Texas explained the reach of *Nash.* The court indicated that its decision to limit the plaintiff's recovery to the state worker's compensation remedy was because he failed to assert that "the discriminatory [action] harmed him because it reduced his hours, wage rate or fringe benefits, or because it degraded him, or caused him any damage other than those related to his back injury for which he has already been compensated under the act." The court specifically stated that such damages would be "separate and independent of the personal injury previously compensated under the Workers' Compensation Act." The court went on to state that:

> We do not believe that the holdings in ... *Nash* result in a total bar to recovery of physical impairment damages under [the state anti-discrimination law].... We believe that accepting workers' compensation insurance benefits ...bars said plaintiff from any wrongful discrimination damages not fully separate and independent from the injury damages. 18 S.W.3d 323, 326–327.

The apparent primary import is that, under Texas law, the plaintiff cannot recoup double damages for the same *physical injury* under the state workers' compensation act *and* the state anti-discrimination statute. The bar did not extend to "separate and independent" personal injuries not redressed by the state's workers' compensation claim.

Defendants also cite *Moniz v. Reitano Enterprises, Inc.*, 709 So.2d 150 (Fla.Dist. Ct.App.1998). In *Moniz*, the plaintiff filed a workers' compensation claim for "shoulder, neck & psychological" injuries sustained in a physical attack by her supervisor. *Id.* at 151. Plaintiff entered into a settlement agreement compensating her for the injuries arising from the attack. *Id.* Concurrently, the plaintiff filed a Title VII sexual harassment suit for the alleged physical attack and other instances of sexual misconduct by the same supervisor. The court stated that

> [i]n the context of a choice between workers' compensation and tort remedies or Title VII remedies for sexual harassment, where they address separable injuries, then they can co-exist and no election is necessary. Where they address the same injury, then there can be an election of remedies. *Id.* at 153.

The court found that the settlement agreement encompassed the injuries suffered by the plaintiff as a result of the physical attack and, thus, only those claims were barred by the election of remedies. *Id.* By contrast, the court ruled that the injuries outside of the physical attack which concerned the "intangible injury to personal rights" protected under Title VII claims "should not be barred either by the exclusivity of the worker's compensation remedy or by the election of remedies, because these rights are distinct." *Id.*

One federal court has employed similar reasoning in not applying the election of remedies doctrine. In *Gardinella v. General Elec. Co.*, 833 F.Supp. 617, 619 (W.D.Ky.1993), the court specifically stated that the election of remedies doctrine did not apply to the plaintiff's state employment discrimination claim where he received compensation only for injuries to his thumb and wrist under the Kentucky workers' compensation act and damages for those injuries were not sought in the employment discrimination action.

While there is no Maryland case directly on point, the Court is persuaded by the authority from the other jurisdictions discussed above, particularly the reasoning of *Moniz v. Reitano Enterprises, Inc.*, 709 So.2d 150 (Fla.Dist.Ct.App.1998). Maryland courts have stated that "[t]The doctrine [of election of remedies] is a severe one and a court should not strain to employ it or seek to extend lightly its applica-

bility.' " *Shallow Run Ltd. Partnership v. State Highway Admin.*, 113 Md.App. 156, 182, 686 A.2d 1113, 1126 n. 15 (quoting *Shoreham Developers, Inc. v. Randolph Hills,* Inc., 269 Md. 291, 299, 305 A.2d 465 (1973)). The Court believes that the *Moniz* court drew a proper balance between the judicial interest in preventing multiples recoveries for a single wrong and protecting "the very essence of policies against sexual harassment-an injury to intangible personal rights." *Moniz,* 709 So.2d at 152. Moreover, it would frustrate the overarching purpose of Title VII to allow employers that engage in discriminatory conduct to pigeon hole employees into seeking redress only under the state workers' compensation act where the statutes were intended to remedy very different wrongs. *See Folan v. State/Dep't of Children, Youth, and Families,* 723 A.2d 287, 292 (R.I.1999) ("[T]he exclusivity clause does not bar a claim if to do so would frustrate .... the paramount purpose of ... anti-discrimination states [which go] well beyond compensating for physical injury or inability to perform employment duties.")

■ Applying the applicable precedent to the instant action, the election of remedies doctrine only bars those injuries Plaintiff pursued to a final ruling by the Commission. *See Wagner v. Allied Chemical Corp.,* 623 F.Supp. 1412, 1415 (D.Md. 1985). The award letter clearly states that the compensation award was limited to Plaintiff's left shoulder, neck, and psychiatric injuries caused by the alleged sexual assault on May 1, 1998. The Commission denied Plaintiff's claims as to her left elbow and left arm as not caused by the May 1, 1998 incident.

In the Commission's hearing, Plaintiff's counsel did refer to incidents outside the alleged May assault. However, the transcript of the hearing reveals that Defendant's counsel objected to the inclusion of the other incidents. The transcript reveals the following exchange.

MS. MCALEER [Defendant's Counsel]: Your Honor, I want to make it clear we are not contesting the May 1, '98, incident; but as to all this other stuff, that's what we're here on.. Not other incidents.

THE COMMISSION: All Right.

Transcript of July 24, 2000 Hearing Before the Maryland Workers' Compensation Commission, Ex. 1 at 23.

Apparently, in addressing Defendant's objections, the Commission limited its inquiry to the alleged sexual assault that occurred in May. Thus, the scope of injuries to which the election of remedies may apply is limited accordingly.

To the extent that her injuries are covered in the Commission's ruling, Plaintiff is bound by the compensation award and barred by the election of remedies for those injuries. Plaintiff can only have but one recovery for those injuries already compensated for. *See Shallow Run Ltd. Partnership v. State Highway Admin.,* 686 A.2d 1113, 113 Md.App. 156 (Ct. Spec.App.1996). Thus, Defendant is entitled to summary judgment with respect to the injuries to Plaintiff's neck, left shoulder, left arm, and left elbow attributable to the alleged May sexual assault to which the Commission issued a final determination. Psychiatric expenses covered by the Commission's ruling are similarly barred.

Nevertheless, the election of remedies doctrine will not bar damages shown to be separable and distinct from those already compensated for in the Commission award. Plaintiff is not barred from asserting her Title VII claim for any damages sustained outside of the May incident as these injuries were not ruled upon by the Commission. Additionally, any damages unique to Title VII claims, such as feelings of degradation, the invasion of personal intangible rights or otherwise, arising from the entire course of alleged sexual harassment by Mr. Whitlock are not barred by the election of remedies doctrine. Accordingly, Defendant's motion for summary judgment is denied with respect to such damages.

**396**

For the reasons stated above, the Court will grant in part and deny in part Defendant's motion for summary judgment. An Order consistent with this Opinion will follow.

### ORDER

For the reasons stated in the accompanying Memorandum Opinion dated September 29th, 2000, IT IS this _____ day of September, 2000, by the United States District Court for the District of Maryland, hereby **ORDERED**:

1. That Defendant Sam's Club and Wal–Mart's Motion to File a Supplemental Answer to Include an Election of Remedies Defense [77–1] BE, and the same hereby IS, **GRANTED**;

2. That Defendant's Motion for Summary Judgment on the Election of Remedies Defense [78–1] BE, and the same hereby IS, **GRANTED IN PART** as to the injuries alleged by Plaintiff covered by the Maryland Worker's Compensation Commission award, and **DENIED IN PART** as to any provable damages that are separate and distinct from the injuries address in the Commission's ruling; and

3. That Plaintiff's Motion for a Trial Date [82–1] BE, and the same hereby IS, **GRANTED**;

4. That the Clerk of the Court mail copies of this order to all counsel of record.