810 So.2d 1028 (2002)
Dorothy J. CASTLEBEERY, Appellant,
v.
EDWARD M. CHADBOURNE, INC., a Florida corporation, Appellee.
No. 1D00-4633.
District Court of Appeal of Florida, First District.
March 12, 2002.
*1029 Bradley S. Odom and Stephen G. West of Kievit, Kelly & Odom, Pensacola, for Appellant.
Erick M. Drlicka of Emmanuel, Sheppard & Condon, Pensacola, for Appellee.

ON MOTIONS FOR CLARIFICATION AND REHEARING
PER CURIAM.
This cause is before us on Appellant's Motion for Rehearing/Clarification and Appellee's Motion for Clarification and Rehearing. We deny Appellant's motion. We deny Appellee's motion for rehearing, but grant the motion for clarification and, accordingly, withdraw our former opinion of January 23, 2002, and substitute in its place this corrected opinion.
This is an appeal of a summary judgment entered on Appellant's claims of sexual harassment and retaliation in violation of Florida's Civil Rights Act of 1992,[1] and negligent retention, negligent supervision, and negligent training. We affirm in part, and reverse in part.[2]
As a threshold matter, we note the trial court improperly applied Florida's common law doctrine of respondeat superior, which is different from the legal standard under Florida's Civil Rights Act of 1992. Degitz v. Southern Mgmt. Services., Inc., 996 F.Supp. 1451, 1462 (M.D.Fla.1998) (citing Sussman v. Florida East Coast Properties, Inc., 557 So.2d 74, 75-76 (Fla. 3d DCA), rev. denied, 574 So.2d 143 (Fla. 1990)). Appellee concedes the trial court applied the wrong legal standard, but argues it reached the correct result.
Summary judgment is appropriate if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law. Accordingly, we review this case de novo. Volusia County v. Aberdeen at Ormond Beach, L.P. 760 So.2d 126, 130 (Fla.2000). Thus, applying the correct law to the facts of this case, we find the trial court erred in entering summary judgment on Appellant's sexual harassment claim.
For an employer to be liable under the Florida Civil Rights Act for sexual harassment by a co-worker, the employee must show that the employer knew or *1030 should have known of the harassment and failed to take remedial action. Breda v. Wolf Camera & Video, 222 F.3d 886 (11th Cir.2000).[3] Appellee argues summary judgment was properly entered because Appellant did not properly avail herself of Appellee's policy against discrimination and Appellee took prompt remedial action on those incidents brought to the attention of Appellee's EEO officer. As authority, Appellee cites Faragher v. City of Boca Raton, 524 U.S. 775, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998), in which the United States Supreme Court held that a person has an affirmative obligation to avoid or minimize damages resulting from employment discrimination.
Appellee raises the Faragher defense without first addressing the disputed issues of fact whether Appellant timely complained of her alleged harassment, and if so, whether Appellee acted reasonably. See Samedi v. Miami-Dade County, 134 F.Supp.2d 1320, 1341-1342 (S.D.Fla. 2001)(the county's argument in favor of motion for summary judgment based on the "so-called `Faragher affirmative defense'" to Title VII liability was sound, but it failed to address the preliminary question concerning whether genuine issues of material fact exist as to whether any tangible employment action was taken against plaintiff by the County); Derasmo v. City of Gainesville, 78 Fair Empl. Prac. Cas. (BNA) 384, available at 1998 WL 798639 (N.D.Fla.1998)(summary judgment was denied, relying in part on the Faragher decision, because the plaintiff offered evidence that harassment continued after plaintiff complained to her supervisor, and therefore whether the defendant took reasonable care to prevent and correct harassing behavior was for the jury to decide).
Accordingly, the trial court's order granting summary judgment on Appellant's claim of sexual harassment is reversed. See Jones v. Directors Guild of Am., Inc., 584 So.2d 1057, 1059 (Fla. 1st DCA 1991)("if the record raises the slightest doubt that material issues could be present, that doubt must be resolved against the movant and the motion for summary judgment must be denied").
We affirm the trial court's order entering summary judgment on Appellant's claims of negligent retention, negligent supervision, and negligent training. Appellant bases her negligence claims on Appellee's alleged actual or constructive knowledge of its employees' propensity to speak and act in a sexist, harassing, and retaliatory fashion, and that Appellee retained those individuals in its employ, and that Appellee failed to properly train and supervise its employees and supervisors. She alleges no physical injury other than a work related accident that occurred on May 2, 1997. It is undisputed she filed and settled a claim for workers' compensation benefits for her physical injuries arising from that accident. Accordingly, Appellant's negligence claims are barred by her workers' compensation settlement. Moniz v. Reitano Enterprises, Inc., 709 So.2d 150 (Fla. 4th DCA), rev. denied, 728 So.2d 203 (Fla.1998).
Furthermore, Florida does not recognize a common law cause of action for negligent failure to maintain a workplace free of sexual harassment. Scelta v. Delicatessen Support Serv., Inc., 57 F.Supp.2d 1327 (M.D.Fla.1999). We therefore affirm the trial court's entry of summary judgment on Appellant's claims of negligent *1031 retention, negligent supervision, and negligent training.
AFFIRMED in part, REVERSED in part, and REMANDED.
BOOTH, KAHN and PADOVANO, JJ., concur.
NOTES
[1] §§ 760.01-760.11, Fla. Stat. (1997).
[2] Appellant did not appeal the summary judgment entered on her retaliation claim.
[3] The Florida Civil Rights Act is patterned after Title VII, and therefore federal case law regarding Title VII is applicable. Florida Dep't of Cmty. Affairs v. Bryant, 586 So.2d 1205, 1209 (Fla. 1st DCA 1991); School Bd., of Leon County v. Hargis, 400 So.2d 103, 108 n. 2 (Fla. 1st DCA 1981).