McCusker v. Lakeview Rehab.          CV-03-243-JD   09/17/03

UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE


Joseph K. McCusker

     v.                                     Civil No. 03-243-JD
                                            Opinion No. 2003 DNH 158
Lakeview Rehabilitation Center, Inc.


                            O R D E R


     Plaintiff Joseph K. McCusker alleges that his former

employer, Lakeview Rehabilitation Center, Inc. ("Lakeview"),

discriminated against him on account of his disability in

violation of both the Americans with Disabilities Act, 42 U.S.C.

ch. 126, subch. I ("ADA") and the New Hampshire Law Against

Discrimination, Revised Statutes Annotated ("RSA") 354-A:6-7.

Lakeview has moved to dismiss McCusker's complaint in its

entirety on the grounds that it fails to state a claim on which

relief can be granted, and, alternatively, to the limited extent

it seeks damages for emotional distress.[1]  McCusker has opposed

_____

     [1]On June 4, 2003, Lakeview filed a motion to dismiss only
the claims for emotional distress, which was unaccompanied by
either a memorandum of law or a statement explaining why none was
necessary.  Compare L.R. 7.1(a)(2).  On July 17, 2003, however,
Lakeview submitted a "Supplementation" to the motion, in
memorandum form, urging the dismissal of the complaint in toto on

                                1

the motion to dismiss, and filed a motion to amend the complaint. Lakeview objects to the amendment as futile.

Standards of Review

Because the allowance of the proposed amended complaint would moot Lakeview's pending motions to dismiss, the court must first consider McCusker's motion to amend. See DM Research, Inc. v. Coll. of Am. Pathologists, 170 F.3d 53, 56 (1st Cir. 1999). Under Rule 15(a), leave to amend shall be "freely given when justice so requires." This "mandate is to be heeded," Foman v. Davis, 371 U.S. 178, 182 (1962), and amendments should be liberally granted. Tiernan v. Blyth, Eastman, Dillon & Co., 719 F.2d 1, 4 (1st Cir. 1983).

Lakeview objects to the proffered amendment as futile. Although a court may properly disallow an amendment on this ground, where, as here, a party moves to amend prior to the close of discovery or the filing of a summary judgment motion, "the 'futility' label is gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6)." Hatch v. Dep't for

different grounds. Because McCusker has availed himself of the opportunity to offer substantive responses to each submission, the court has considered both of Lakeview's theories of dismissal, despite their unorthodox presentation.

2

Children, Youth & Their Families, 274 F.3d 12, 19 (1st Cir. 2001). These criteria require the court to take the factual averments contained in the complaint as true, "indulging every reasonable inference helpful to the plaintiff's cause." Garita Hotel Ltd. P'ship v. Ponce Fed. Bank, 958 F.2d 15, 17 (1st Cir. 1992); see also Dartmouth Review v. Dartmouth Coll., 889 F.2d 13, 16 (1st Cir. 1989). The analysis therefore focuses not on "whether a plaintiff will ultimately prevail but whether [it] is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In the end, the court may grant a motion to dismiss under Rule 12(b)(6) "'only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory.'" Garita, 958 F.2d at 17 (quoting Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990)). In determining whether McCusker's proposed amended complaint should be disallowed as futile, the court will consider the arguments raised in Lakeview's objection to the motion to amend and in its motion to dismiss the original complaint for failure to state a cause of action.

<u>Background</u>

Lakeview, a rehabilitation facility in Effingham Falls, New Hampshire, employed McCusker from March 5, 1997, until his termination on April 24, 2002. He worked as a "Rehabilitation Trainer," a position which apparently involved contact with Lakeview's clients and, at least until June 2002, some driving. Since 1978, McCusker has suffered from Type I diabetes, which he treats with injections of insulin. As a result of his condition, McCusker experiences periodic hypoglycemic reactions, characterized by blurry vision and the inability to communicate, concentrate, control his movements, or care for himself. These reactions continue to occur despite the fact that McCusker follows the American Diabetes Association's prescribed diet and tests his blood sugar level several times daily.

Beginning in June 2000, Lakeview took a number of adverse actions against McCusker, including (1) stripping him of his "driving privileges" after his vehicle collided with a building on Lakeview grounds when a hypoglycemic reaction struck while he was behind the wheel, (2) reprimanding him after a client gained access to his insulin and syringes, which McCusker had been keeping in a staff office as instructed by Lakeview, and (3)

twice reassigning him to a less-desirable client program shortly after he had a hypoglycemic reaction on the job. Ultimately, Lakeview told McCusker that "because of his diabetes and the safety factors that are involved in hypoglycemic episodes, Lakeview had to terminate him," which it did on April 24, 2002. McCusker received this news at a meeting he had arranged with his employer to request reinstatement to a more-desirable program. After an unsuccessful attempt to get Lakeview to rehire him, either as a trainer or a housekeeper, McCusker timely filed two employment discrimination charges against Lakeview with the state Human Rights Commission and the Equal Employment Opportunity (the "EEOC"). Following the issuance of a notice of right to sue, he brought this lawsuit.

## Discussion

Lakeview moved to dismiss McCusker's complaint on the grounds that his diabetes does not amount to a "disability" within the meaning of the ADA because it is not "a physical or mental impairment that substantially limits one or more of [his] major life activities." 42 U.S.C. § 12102(2). In response to Lakeview's motion, McCusker moved for leave to amend his

5

complaint "to further detail the major life activities affected by his Type I diabetes."[2] Lakeview, however, contends that even the proposed amended complaint fails to state a claim sufficient for relief under the ADA and therefore resists the amendment as futile. Lakeview also moves to dismiss those portions of the complaint which seek recovery for emotional distress on the grounds that the New Hampshire Workers' Compensation Law, RSA 281-A, provides the exclusive remedy for such losses.

A.   Whether McCusker Has Stated a Claim Under the ADA

The ADA generally forbids discrimination in employment against "a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112(a). The act defines an individual's "disability" in relevant part as "a physical or mental impairment that substantially limits one or more major life activities of such an individual." Id. § 12102(2)(A).[3] In order to recover under the ADA, then, a

_____

[2]Lakeview concedes that allowance of the amendment at this early stage in the proceedings will not prejudice it.

[3] The New Hampshire Law Against Discrimination uses the same definition of disability. See RSA 354-A:2(IV)(a). The New Hampshire Supreme Court has therefore relied on federal courts'

plaintiff must show, <u>inter alia</u>, that he or she has a disability within the meaning of the statute. <u>See</u> <u>Tardie v. Rehab. Hosp. of R.I.</u>, 168 F.3d 538, 541-42 (1st Cir. 1998). Lakeview argues that McCusker cannot make this showing because he fails to allege that his diabetes "substantially limits one or more major life activities."[4]

The existence of a disability under the ADA presents an individualized inquiry, resolved with reference to whether the limitation caused by the plaintiff's impairment is substantial in terms of his or her own experience. <u>See</u> <u>Bailey v. Georgia-Pacific Corp.</u>, 306 F.3d 1162, 1167 (1st Cir. 2002). To aid in this inquiry, the EEOC has issued regulations which develop the

interpretations of 42 U.S.C. § 12102(2) in construing its state-law counterpart. <u>See</u> <u>Petition of Dunlap</u>, 134 N.H. 533, 540 (1991) (analyzing state regulation, promulgated under earlier version of Law Against Discrimination, using language identical to that of 42 U.S.C. § 12102(2)). The court's analysis of McCusker's ADA claim, then, applies equally to his claim under New Hampshire's analogous statutory scheme.

[4]Lakeview also intimates that it does not concede that diabetes is an "impairment" within the meaning of the statute. At this stage, however, McCusker has pled facts sufficient to show that his diabetes meets the statutory definition of impairment. <u>See</u> 26 C.F.R. § 1630.2(h)(1) (including within definition of "impairment" any "physiological disorder, or condition" affecting the endocrine system).

statutory definition of disability.  <u>See</u> 29 C.F.R. § 1630.  While these regulations do not control judicial construction of the Act, they nevertheless "'constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance.'"  <u>Grenier v. Cyanimid Plastics, Inc.</u>, 70 F.3d 667, 672 (1st Cir. 1995) (quoting <u>Meritor Sav. Bank v. Vinson</u>, 477 U.S. 57, 65 (1986)).  The regulations define "major life activities" as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working."  29 C.F.R. § 1630.2(*i*).  In turn, "substantially limits" is defined in relevant part as "unable to perform a major life activity that the average person in the general population can perform."  <u>Id.</u> § 1630.2(j)(1).

In light of this regulatory guidance, McCusker's proposed amended complaint sets forth facts sufficient to show that his diabetes constitutes a "disability" which brings him within the protections of the ADA.  Most significantly, he alleges that he experiences episodes of hypoglycemia during which he cannot communicate, concentrate, control his movements, or care for himself.  The complaint also relates a specific instance when a hypoglycemic reaction caused McCusker to lose consciousness, and

8

another during which he lost control of his motor vehicle. These facts alone show that, during a hypoglycemic attack, McCusker cannot perform a number of major life activities as defined by 29 C.F.R. § 1630.2(*i*), including seeing, hearing, speaking, and performing manual tasks. The allegations of McCusker's proposed amended complaint, together with all inferences in his favor which can reasonably be drawn from them, demonstrate that his diabetes, in the form of periodic hypoglycemic episodes, renders him unable to perform a number of major life activities. See Nawrot v. CPC Intl., 277 F.3d 896, 904-905 (7th Cir. 2002).

Lakeview is correct that McCusker's diabetes does not per se qualify him for the protections of the ADA. See Sutton v. United Air Lines, Inc., 527 U.S. 471, 482 (1999). McCusker, however, does not seek recovery on that basis. Again, he has alleged facts adequate to survive a motion to dismiss on the grounds that his diabetes does not constitute a disability. Lakeview is also correct that the effect of remedial measures upon McCusker's diabetes must be accounted for in assessing whether it substantially limits one or more major life activities. See id. The proposed amended complaint, however, pleads facts sufficient to meet this test. Indeed, McCusker specifically claims that he "has experienced periodic episodes of hypoglycemia (low blood sugar), even despite having good control of his diabetes," which includes taking insulin, adhering to a recommended diet, and

9

monitoring his blood sugar.  These allegations belie Lakeview's reading of the proffered amendment, i.e., that hypoglycemia strikes McCusker only when he fails to employ appropriate remedial measures.

The remainder of Lakeview's objections to the amendment are without merit.  The contention that eating does not qualify as a major life activity substantially limited by McCusker's condition because "his diabetes does not . . . limit his ability to eat, it mandates that he do so" misapprehends the meaning of "substantially limits" under the ADA.  See Lawson v. CSX Transp., Inc., 245 F.3d 916, 924 (7th Cir. 2001).  In any event, the objection is immaterial in light of the other major life activities allegedly limited by his hypoglycemia.

Lakeview's argument that McCusker constitutes a threat to himself or others and therefore is not "qualified" within the meaning of the ADA cannot be decided with reference to the pleadings alone.  The specific on-the-job hypoglycemic attacks which McCusker relates in the complaint do not, in and of themselves, establish that defense.

Finally, the court disagrees with Lakeview's characterization that "the Complaint fails to allege that Mr. McCusker ever requested an accommodation that was not provided." The proposed amended complaint alleges that Lakeview reprimanded McCusker for keeping his insulin in a designated place, failed to

10

consult with his physician about the manner in which his diabetes should be controlled, and terminated him at a meeting which he had arranged to request reassignment to his former division. These facts, construed in the light most favorable to McCusker, suffice to state a cause of action that Lakeview has discriminated against him by not making reasonable accommodations in violation of 42 U.S.C. § 12112(b)(5).

McCusker's proposed amended complaint states a viable claim for relief under both the ADA and the New Hampshire Law Against Discrimination. Accordingly, McCusker's motion to amend is allowed, and Lakeview's motion to dismiss his original complaint in its entirety is denied as moot.

B.    Whether McCusker Can Recover For Emotional Distress

Each of Counts I through IV of McCusker's amended complaint, alleging malicious or recklessly indifferent discriminatory acts by Lakeview, requests an award of damages for "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses."[5]  The Civil Rights Act of 1991 authorizes such relief in cases of intentional

---

[5]Each of counts I through III is entitled "Violation of Title I of the ADA"; they are subtitled "Termination," "Failure to Reasonably Accommodate," and "Failure to Re-Hire," respectively.  Count IV asserts a claim under RSA 354-A.

11

discrimination in violation of the ADA. See 42 U.S.C. §
1981a(a)(2) and (b)(3). Lakeview, however, contends that
McCusker's exclusive remedy for his nonpecuniary losses proceeds
from the state workers' compensation statute, RSA 281-A, and
moves to dismiss his claims for emotional distress.

Other than a general citation to RSA 281-A, Lakeview has not
provided any authority for its position. In fact, Lakeview has
offered no argument whatsoever in support of its motion to
dismiss McCusker's claims for emotional distress. This court is
free to disregard arguments that are not adequately developed.
See Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 260
(1st Cir. 1999). Accordingly, Lakeview's contention that the
exclusivity provisions of RSA 281-A bar McCusker from recovering
for emotional distress under the ADA will not be addressed on the
merits.[6] The court notes, however, that federal laws forbidding
discrimination in employment have consistently been held to
preempt the exclusivity provisions of state workers' compensation
statutes. See Roberts v. Roadway Express, Inc., 149 F.3d 1098,
1105 (10th Cir. 1998) (Title VII); Torres v. Pisano, 116 F.3d

_____

[6]Lakeview also appears to assert that RSA 281-A precludes
McCusker from recovering nonpecuniary losses under the New
Hampshire Law Against Discrimination. Again, the court declines
to address this contention on the merits, since Lakeview has
offered no supporting authority or argument. The court notes,
however, that the Law Against Discrimination allows for
compensatory damages, see RSA 354-A:21, and also provides that
its procedures, while pending, are the exclusive remedy for the
wrongs its identifies. See RSA 354-A:35.

12

625, 640 (2d Cir. 1997) (Title VII); <u>Karcher v. Emerson Elec. Co.</u>, 94 F.3d 502, 509 (8th Cir. 1996) (Title VII); <u>Swiech v. Gottlieb Mem'l Hosp.</u>, No. 98-C-5749, 2003 WL 21183887, at *1 (N.D. Ill. May 20, 2003) (ADA); <u>Hogue v. Sam's Club</u>, 114 F. Supp. 2d 389, 393 (D. Md. 2000) (Title VII), <u>aff'd</u>, 2002 WL 99144 (4th Cir. Jan. 25, 2002) (per curiam); <u>Worthington v. City of New Haven</u>, No. 94-CV-00609, 1999 WL 958627, at *7 (D. Conn. Oct. 5, 1999) (ADA); <u>Wood v. County of Alameda</u>, 875 F. Supp. 659 (N.D. Cal. 1995) (ADA); <u>Fail v. Cmty. Hosp.</u>, 946 P.2d 573, 581-82 (Col. Ct. App. 1997) (ADA). In the absence of any countervailing authority or argument from Lakeview, the court finds these decisions persuasive. Lakeview's motion to dismiss McCusker's emotional distress claims is denied.


<u>Conclusion</u>

Based on the foregoing, McCusker's motion for leave to amend (document no. 8) is ALLOWED. Lakeview's motion to dismiss the complaint in part (document no. 2) is DENIED, and its supplementation to that motion, requesting dismissal of the complaint in its entirety (document no. 7) is DENIED as moot. The proposed first amendment (exhibit 1 to document no. 8) shall be docketed as the first amended complaint. Pursuant to Fed. R. Civ. P. 15(a), Lakeview shall plead in response to the amended complaint within ten days of the date of this order.

The Court will require the plaintiff to review his claims under the ADA and RSA 354-A for the purpose of determining whether or not they are duplicative. Unless the elements and/or remedies are different, the plaintiff will be required to elect under which law he will proceed.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

September 17, 2003

cc: Heather M. Burns, Esq.
    Edwinna C. Vanderzanden, Esq.